UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

August 1, 2011

**LETTER OPINION**

Donald A. Robinson
Robinson, Wettre & Miller LLC
One Newark Center
19th Floor
Newark, NJ 07102

Arnold B. Calmann
Saiber LLC
One Gateway Center
10th Floor
Newark, NJ 07102-5311

Re:   **Schering Corporation, et al. v. Mylan Pharmaceuticals, Inc., et al.**
       **Civil Action No.:   09-6383**

Dear Counsel:

This matter comes before the Court by way of Defendant Mylan Pharmaceuticals, Inc.'s ("Mylan") motion for reconsideration of this Court's June 15, 2011 Order for construction of certain claims within United States Patent Nos. RE37,721 ("the '721 patent") and 5,846,966 ("the '966 patent"). The Court has considered the submissions of the parties in support of and in opposition to the present motion and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Mylan's motion is denied.

**BACKGROUND AND STANDARD**

As the Court writes only for the parties, a familiarity with the underlying factual and procedural background of this case will be assumed and will not be repeated here except where necessary to provide proper context for the pending motion. By way of Opinion and Order dated June 15, 2011, the Court issued constructions for claims 8, 9, 12, and 13 of the '721 patent and for

claims 1 and 3 of the '966 patent. (See Docket Entry Nos. 209 [hereinafter "Op."] and 210.)

Mylan has now filed a motion for reconsideration. "Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.' " See L. Civ. R. 7.1(I) cmt. 6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A party seeking reconsideration shall file and serve its motion within fourteen days after the entry of the order on the original motion. L. Civ. R. 7.1(i). A motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id. The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at * 1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

## DISCUSSION

Mylan asks the Court to reconsider its constructions of the terms "HMG CoA reductase inhibitor," "simvastatin," "lovastatin," "pravastatin," "fluvastatin," and "atorvastatin," as used in the '966 patent.[1] Mylan argues that the Court misinterpreted the intrinsic and extrinsic evidence in concluding that those terms, as used in the claimed combination drug, referred to the compounds actually administered to patients: the lactone and salt forms. As it did during the Markman hearing and in its briefs filed in connection with that hearing, Mylan argues that the Court should adopt the literal meaning of "inhibitor" and construe the disputed terms to refer to acid forms. Mylan has thus presented no intervening change in law or new evidence. Mylan simply resubmits arguments that were already presented to this Court, in an apparent attempt to argue that the Court's claim constructions were made under a clear error of law. Mylan has failed to make such a showing here, and the Court is not persuaded that it should ignore the intrinsic evidence favoring its construction and read the disputed language, as Mylan does, in a vacuum. See Medrad, Inc. v. MRI Devices Corp., 401 F.3d 1313, 1319 (Fed. Cir. 2005).

Mylan further argues that the Court improperly imported an FDA approval requirement into its claim constructions. (See Mylan's Br. at 7–10.) Mylan ignores, however, the Court's express statement that "Mylan is correct that the specification in no way limits the claimed subject matter to FDA-approved compounds." (Op. at 27.) Again, Mylan has simply resubmitted arguments already presented to this Court at the Markman hearing and has failed to demonstrate that the Court's

---

[1] Mylan does not move for reconsideration of any other of the Court's claim constructions.

claim constructions were made under a clear error of law.

Mylan finally argues that the Court misapplied the Federal Circuit's decision in Pfizer v. Ranbaxy Laboratories, 457 F.3d 1284 (Fed. Cir. 2006), in holding that that decision did not preclude the terms "pravastatin," "fluvastatin," and "atorvastatin," as used in claim 3 of the '966 patent, from being construed to refer to salt forms.  Mylan argues that because the '966 patent "explicitly claims salt forms" of the azetidinones in claim 1, the statins listed in claim 3 must not be salt forms.  (Mylan's Br. at 10–11.)  The patent at issue in Pfizer, however, referred to salt forms of the same compound for which it recited acid and lactone forms.  Here, the '966 patent only refers to salt forms of azetidinones, not salt forms of the statins listed in claim 3.  The Court therefore finds no clear error of law in its interpretation of Pfizer.

## CONCLUSION

For the foregoing reasons, Mylan's motion for reconsideration is denied.  An appropriate Order accompanies this Letter Opinion.

Very truly yours,

*/s/ Jose L. Linares*
Jose L. Linares,
United States District Judge