**Bill of Costs - Supporting Information**

The Court granted Plaintiffs an extension of time to July 16, 2012 to submit their bill of costs.  (Final Judgment, ¶ 9, May 16, 2012 (D.I. 455).)  The basis for Plaintiffs' requested costs is explained below by category.

Please note that for many of the accompanying invoices, Plaintiffs are only seeking taxation of part of the costs listed on the invoice.  For such invoices, Plaintiffs have indicated costs they are seeking with a check mark.

## I.     FEES OF THE CLERK

| | |
|---|---|
| Filing fee for Civ. A. No. 09-6383 (receipt no. 2863756) (D.I. 1) | $350.00 |
| Filing fee for Civ. A. No. 10-3085 (receipt no. 3172114) (D.I. 1) | $350.00 |
| **TOTAL** | **$700.00** |

Plaintiffs request a total reimbursement of $700, the filing fees associated with the filing of the Complaint in Civ. A. No. 09-6383 and the Complaint in Civ. A. No. 10-3085.  The required filing fee under 28 U.S.C. § 1914(a) for each of these cases was $350.  *See Merck Sharp & Dohme Pharms, SRL v. Teva Pharms. USA, Inc.*, Civ. A. No. 07-1596 (GEB), 2010 WL 1381413, at *2 (D.N.J. Mar. 31, 2010) (holding the required $350 filing fee as a taxable cost).

## II.    FEES FOR SERVICE OF SUMMONS

| | |
|---|---:|
| Process Service of Complaint in Civ. A. No. 09-6383 | $189.00 |
| Process Service of Complaint in Civ. A. No. 10-3085 | $136.50 |
| **TOTAL** | **$325.50** |

Plaintiffs request a total reimbursement of $325.50, the cost of process service of the two

Complaints on Defendant Mylan Pharmaceuticals Inc. and Mylan Inc.  *See Merck v. Teva*, 2010

WL 1381413, at *2 (D.N.J. Mar. 31, 2010) ("[F]ees paid to private servers of process (serving

summons/complaint and subpoena(s)) should be a taxable item.").

### III.    FEES FOR PRINTED OR ELECTRONICALLY RECORDED TRANSCRIPTS NECESSARILY OBTAINED FOR USE IN THE CASE

| | |
|---|---|
| A.  Trial Transcripts | $17,425.78 |
| B.  Deposition Transcripts | $35,249.00 |

**TOTAL**                                                                          **$52,674.78**

### A.    Trial Transcripts

| | |
|---|---|
| Pretrial Conference Transcript, Nov. 21, 2011 | $862.75 |
| Trial Transcripts, Dec. 5-9, 2011 | $6,114.36 |
| Trial Transcripts, Dec. 12-15, 2011 | $6,475.80 |
| Trial Transcripts, Dec. 19-20, 2011 | $2,914.11 |
| Summations Transcript, Mar. 3, 2012 | $1,058.76 |

**Trial Transcripts Subtotal**                                                     **$17,425.78**

Plaintiffs request a total reimbursement of $17,425.78, the cost of transcripts for the pre-

trial hearing, trial, and summations, which were necessarily obtained for use in the case.

Local Civil Rule 54.1(g)(6) provides:

> The cost of a reporter's transcript is allowable only (A) when specifically
> requested by the Judge, master, or examiner, or (B) when it is of a statement by
> the Judge to be reduced to a formal order, or (C) if required for the record on
> appeal.

The exceptions to this rule, however, "are broad enough to cover essentially any situation where

a transcript is actually used in or after a proceeding."  Allyn Z. Lite, N.J. Fed. Practice Rules, at

233 (Gann 2012 ed.).  The costs of transcripts are taxable in long trials where parties filed post-

trial Proposed Findings of Fact and Conclusions of Law, *see Merck v. Teva*, 2010 WL 1381413,

at *3, or where the transcripts "were necessary to the determination of the case." *Crowley v. Chait*, Civ. A. No. 85-2441 (HAA), 2007 WL 7569542, at *1 (D.N.J. Aug. 29, 2007).

In this case, the trial lasted for two and half weeks (11 total trial days).  The trial transcripts were cited heavily in both Plaintiffs' and Defendant's post-trial proposed Findings of Fact and Conclusions of Law.  (*See* Joint Submission of Findings of Fact, Jan. 25, 2012 (D.I. 421); Pls.' Proposed Conclusions of Law, Jan. 25, 2012 (D.I. 422); Def.'s Proposed Conclusions of Law, Jan. 26, 2012 (D.I. 423).)  In addition, the daily trial transcripts were used at trial.  (*See, e.g.*, Tr. 6.6:24-25; 6.9:5-6; 6:25:24-25; 6.54:7.)  The trial transcripts were also cited heavily in the Court's Opinion.  (*See* Op., Apr. 27, 2012 (D.I. 444).)  Accordingly, the transcripts were necessarily obtained for use in this case and their cost is taxable.[1]

The transcript of the Pretrial Conference transcript was also necessarily obtained for use in the case.  During the Pretrial Conference, the Court provided direction as to several evidentiary matters that later arose during the trial.  When such matters came up at trial, the Court reviewed the Pretrial Conference transcript when considering the issues.  (*See, e.g.*, Tr. 7.100:4-7.101:7.)

---

[1] During the trial, the Court postponed summations until after the parties' submissions of their Proposed Findings of Fact and Conclusions of Law.  (*See, e.g.*, Tr. 1.6:18-1.7:1; 11.155:16-24.) The summations are part of the trial transcripts in this case and are, therefore, taxable as well.

**B.      Deposition Transcripts[2]**

**1.      Plaintiffs' Witnesses Whose Testimony Was Designated for Inclusion in the Trial Record by Playing Video During Trial**

| | |
|---|---|
| Afonso (including video) | $1,723.75 |
| Clader (July 13, 2011) | $900.50 |
| Clader (July 14, 2011) | $716.25 |
| Clader 30(b)(6) (July 14, 2011) | $169.00 |
| Clader 30(b)(6) (July 15, 2011) | $1,072.10 |
| Clader (Dec. 11, 2008) (including video) | $2,295.75 |
| Yumibe (including video) | $1,364.95 |

**Subtotal**                                                                                              **$8,242.30**

**2.      Plaintiffs' Witnesses Who Appeared Live at Trial**

| | |
|---|---|
| Brisbois | $2,144.40 |
| Brisbois (deposition in *Glenmark* case) | $981.50 |
| Burnett (May 12, 2011) | $1,615.40 |
| Burnett (May 13, 2011) | $1,395.80 |
| Burnett (deposition in *Glenmark* case) | $1,098.50 |
| Haley | $766.80 |
| Kunin | $750.40 |
| Kunin (deposition in *Glenmark* case) | $549.25 |

---

[2] Note:  Only transcript and exhibit fees have been included in the totals.  Other items, such as delivery fees, administrative fees, and fees for rough transcripts have been omitted and taxation for those items is not being sought.  Cost of video was only included for Afonso, Clader, and Yumibe, who appeared solely by video deposition at trial.  Plaintiffs were not charged for video for Clader for the July 13-15, 2012 depositions, so Plaintiffs do not seek taxation of those costs.

| | |
|---|---|
| Magatti | $982.80 |
| Magatti (deposition in *Glenmark* case) | $1,062.75 |
| Morales | $525.60 |
| Myers | $921.60 |
| Rosenblum (July 27, 2011) | $1,241.80 |
| Rosenblum (July 28, 2011) | $838.60 |
| Rosenblum (deposition in *Glenmark* case) (December 4, 2008) | $1,619.75 |
| Rosenblum (deposition in *Glenmark* case) (December 5, 2008) | $831.25 |
| Rosenblum (deposition in *Glenmark* case) (February 10, 2009) | $536.25 |
| Roush | $2,024.75 |
| Roush (deposition in *Glenmark* case) | $978.25 |
| Russell 30(b)(6) | $759.60 |
| Russell | $640.80 |
| van Heek | $1,364.10 |
| van Heek (deposition in *Glenmark* case) | $1,010.75 |
| **Subtotal** | **$24,630.70** |

### 3.    Defendants' Witnesses Who Appeared Live at Trial[3]

| | |
|---|---|
| Atwood | $936.00 |
| Goolkasian | $1,440.00 |
| **Subtotal** | **$2,376.00** |

---

[3] Plaintiffs received a $52 discount for Atwood's transcript and an $80 discount for the Goolkasian transcript.  These discounts have been deducted from the costs.

**Subtotal for All Deposition Transcripts**                                      **$35,249.00**

Plaintiffs request a total reimbursement of $35,249.00, the costs of deposition transcripts necessarily obtained for use in the case.

Local Civil Rule 54.1(g)(7) provides:  "In taxing costs, the Clerk shall allow all or part of the fees and charges incurred in the taking and transcribing of depositions used at trial under Fed. R. Civ. P. 32."  Plaintiffs note that they have only included the charges for transcription and exhibits, where applicable, and do not seek the taxation of other charges such as shipping, costs of rough transcripts, etc.

**1.      Plaintiffs' Witnesses Whose Testimony Was Designated for Inclusion in the Record by Playing Video at Trial**

Plaintiffs seek the costs of both deposition transcripts and video for Afonso, Clader[4], and Yumibe.  Each of these witnesses was unavailable for trial, and their deposition testimony was designated for inclusion in the trial record by playing their video depositions during trial.  Both the costs of transcription and videotaping are taxable where video of deposition testimony is played at trial.  *See Merck v. Teva*, 2010 WL 1381413, at *4.  As in the *Merck v. Teva* case, Plaintiffs have "carefully reviewed the trial record . . . to ensure that the Bill of Costs only included costs for the electronically recorded transcripts of the depositions of those witnesses that appeared at trial or ***whose depositions had been designated for inclusion in the trial*** ***record***."  *Id.* at *3 (emphasis added).

---

[4] Plaintiffs were not charged for video for Clader for the July 13-15, 2012 depositions, so Plaintiffs do not seek taxation of those costs.

2.      **Plaintiffs' Witnesses Who Appeared Live at Trial**

Obtaining the deposition transcripts for Plaintiffs' witnesses who appeared live at trial (Brisbois, Burnett, Haley, Kunin, Magatti, Morales, Myers, Rosenblum, Roush, Russell, and van Heek) was necessary to prepare the witnesses for their testimony and to enable counsel to address any attempted impeachment of the witnesses using their deposition testimony.  As in the *Merck v. Teva* case, Plaintiffs have "carefully reviewed the trial record . . . to ensure that the Bill of Costs only included costs for the electronically recorded transcripts of the depositions of those *witnesses that appeared at trial* or whose depositions had been designated for inclusion in the trial record."  *Id.* (emphasis added).  Even though the deposition transcripts for each of these witnesses may not have been used at trial for impeachment purposes, obtaining the transcripts was still reasonably necessary.  *See Thabault v. Chait*, Civ. A. No. 85-2441 (HAA), 2009 WL 69332, at *7 (D.N.J. Jan. 7, 2009) ("For the costs to be taxable, the depositions need not have been used at trial, and must only appear reasonably necessary to the parties in light of a particular situation existing at the times they were taken." (internal quotations omitted)).  Plaintiffs note that while video was taken of the depositions of these witnesses, they did not include video fees in their Bill of Costs.

3.      **Defendants' Witnesses Who Appeared Live at Trial**

The deposition transcripts of two of these witnesses (Atwood and Goolkasian) were used at trial, pursuant to Fed. R. Civ. P. 32, for impeachment purposes.  (*See, e.g.*, Tr. 5.230:9-16 (Atwood); Tr. 8.82:16-20 (Goolkasian).  Plaintiffs cross-examined a third witness (Hieble) at trial, but his deposition was not used.  As a result, Plaintiffs have not included the costs for Hieble's deposition in their Bill of Costs.

## IV.    FEES FOR WITNESSES

| Witness | Attendance | | Subsistence | | Travel Expenses | Total Cost |
| --- | --- | --- | --- | --- | --- | --- |
| | Days | Total Cost | Days | Total Cost | | |
| Afonso (deposition) | 1 | $40.00 | | | | $40.00 |
| Clader (deposition and prep) - July 13-15, 2011; Dec. 11, 2008 | 4 | $160.00 | | | | $160.00 |
| Yumibe (deposition) | 1 | $40.00 | | | | $40.00 |
| Brisbois (trial and prep) | 2 | $80.00 | 3 | $360.00 | $671.40 | $1,111.40 |
| Brisbois (deposition) | 1 | $40.00 | 1 | $120.00 | $355.40 | $515.40 |
| Brisbois (deposition in *Glenmark* case) | 1 | $40.00 | 1 | $120.00 | $264.20 | $424.20 |
| Burnett (deposition) - May 12-13, 2011 | 2 | $80.00 | | | | $80.00 |
| Burnett (deposition in *Glenmark* case) | 1 | $40.00 | | | | $40.00 |
| Haley (deposition) | 1 | $40.00 | | | | $40.00 |
| Kunin (trial and prep) | 2 | $80.00 | 1 | $120.00 | $253.32 | $453.32 |
| Kunin (deposition) | 1 | $40.00 | 1 | | | $40.00 |
| Kunin (deposition in *Glenmark* case) | 1 | $40.00 | 1 | | | $40.00 |
| Magatti (deposition) | 1 | $40.00 | | | | $40.00 |
| Magatti (deposition in *Glenmark* case) | 1 | $40.00 | | | | $40.00 |
| Morales (deposition) | 1 | $40.00 | | | | $40.00 |
| Myers (trial and prep) | 2 | $80.00 | 3 | $360.00 | $596.50 | $1036.50 |
| Myers (deposition) | 1 | $40.00 | 1 | | | $40.00 |

| Witness | Attendance | | Subsistence | | Travel Expenses | Total Cost |
| --- | --- | --- | --- | --- | --- | --- |
| | Days | Total Cost | Days | Total Cost | | |
| Rosenblum (deposition) - July 27-28, 2011 | 1 | $40.00 | | | | $40.00 |
| Rosenblum (deposition in *Glenmark* case) - Dec. 4-5, 2008; Feb. 10, 2009) | 3 | $120.00 | | | | $120.00 |
| Roush (trial and prep) | 2 | $80.00 | 2 | $240.00 | $483.10 | $803.10 |
| Roush (deposition) | 1 | $40.00 | 1 | $120.00 | $560.00 | $720.00 |
| Roush (deposition in *Glenmark* case) | 1 | $40.00 | 1 | $120.00 | $528.40 | $688.40 |
| Russell (personal and 30(b)(6) deposition) | 1 | $40.00 | | | | $40.00 |
| van Heek (deposition) | 1 | $40.00 | | | | $40.00 |
| van Heek (deposition in *Glenmark* case) | 1 | $40.00 | | | | $40.00 |
| **TOTAL** | **35** | **$1,400.00** | **16** | **$1,560.00** | **$3,712.32** | **$6,672.32** |

Plaintiffs request a total reimbursement of $6,672.32, the costs of witness fees in this

case.

Local Civil Rule 54.1(g)(1) provides that the "fees of witnesses for actual and proper

attendance shall be allowed, whether such attendance was voluntary or procured by subpoena.

The rates for witness fees, mileage and subsistence are fixed by statute (see 28 U.S.C. § 1821)."

Fees are taxable for both deposition and trial witnesses. *See Merck v. Teva*, 2010 WL 1381413,

at *4. For witnesses who travel by common carrier, actual reasonable travel expenses are

taxable. *See* 28 U.S.C. § 1821(c)(1). Subsistence fees are allowed when an overnight stay is

required at the place of attendance.  *Id.* § 1821(d)(1).  Subsistence fees shall not exceed the

maximum per diem allowance prescribed by 5 U.S.C. § 5702(a).  The maximum for this county

is $120.  Subsistence fees are routinely awarded for witnesses who need to prepare and appear

for trial or deposition.  *See Romero v. CSX Transp. Inc.*, 270 F.R.D. 199, 203 (D.N.J. 2010)

("The distance between the two cities, the demands of preparing a witness and the importance of

abiding by the Court's trial schedule justify the hotel expense.").

For fact witnesses appearing at trial by subpoena (Burnett, Haley, Magatti, Morales,

Rosenblum, and van Heek), Defendant has already paid witness and mileage fees, and Plaintiffs

do not seek to tax any further trial-related costs for these witnesses.  Plaintiffs, however, seek

witness fees for the earlier depositions of these witnesses, for which witness and mileage fees

were not paid.  (*See also supra* Section III setting forth the reasons why these depositions were

necessary for this case).  Plaintiffs also seek witness fees, subsistence fees[5], and travel expenses

for their expert witnesses, who prepared for and appeared for trial and deposition.  Plaintiffs note

that there were other depositions in this case, but they are only witness seeking fees associated

with the depositions of fact or expert witnesses who appeared at trial.

---

[5] Plaintiffs have included invoices for subsistence fees (lodging, etc.), but because the costs exceeded the maximum per diem amount of $120, costs have been capped at $120 per day.

**V.     FEES FOR EXEMPLIFICATION AND THE COSTS OF MAKING COPIES OF
ANY MATERIALS WHERE THE COPIES ARE NECESSARILY OBTAINED
FOR USE IN THE CASE**

| | |
|---|---:|
| Black and white copy costs for admitted exhibits (4 sets) | $815.36 |
| Color copy costs for admitted exhibits (4 sets) | $59.20 |
| Trial witness binders (4 sets) | $1,955.28 |
| Production of demonstrative exhibits used at trial | $25,344.00 |
| Preparation of trial exhibits pursuant to Pretrial Order | $33,797.19 |

**TOTAL                                                                        $61,971.03**

Plaintiffs request a total reimbursement of  $61,971.03, the cost of copies made of

admitted exhibits submitted to the Court and production of demonstrative exhibits used at trial.

Admitted Exhibits:

Costs for exemplifications and copies of papers are taxable when the documents are

admitted into evidence.  *See* L. Civ. R. 54.1(g)(9).

Plaintiffs' admitted exhibits comprise 2,912 black and white pages and 37 color pages.

Plaintiffs paid a rate of $0.07 per page for black and white copies and $0.40 per page for color

copies.  For each admitted exhibit, Plaintiffs provided four copies at trial for each of the

following individuals:  (1) the Judge; (2) the law clerk; (3) the courtroom deputy; and (4) counsel

for Defendant.  As a result, Plaintiffs calculated the cost of one set of admitted exhibits by

multiplying the rate charged for black and white and color copies, respectively, by the total

number of such pages.  Plaintiffs then multiplied the cost of one set of copies by four, to reflect

the four copies needed for each admitted exhibit.

Trial Witness Binders:

As with the admitted exhibits, Plaintiffs were required to provide four copies of the

exhibit binders for each witness they examined at trial.  Plaintiffs calculated the costs in the same

way as for the admitted exhibits.  A detail of each witness binder is provided below:

| Witness Binder | # of Pages | Rate | Cost (pages x 4 x rate) |
|---|---|---|---|
| Brisbois Direct (B&W) | 1,256 | $0.07 | $351.68 |
| Brisbois Re-Direct (B&W) | 25 | $0.07 | $7.00 |
| Burnett Direct (B&W) | 42 | $0.07 | $11.76 |
| Kunin Direct (B&W) | 1,413 | $0.07 | $395.64 |
| Myers Direct (B&W) | 198 | $0.07 | $55.44 |
| Myers Direct (Color) | 4 | $0.40 | $6.40 |
| Roush Direct (B&W) | 262 | $0.07 | $73.36 |
| Atwood Cross (B&W) | 813 | $0.07 | $248.64 |
| Atwood Cross (Color) | 2 | $0.40 | $3.20 |
| Goolkasian Cross (B&W) | 1,081 | $0.07 | $302.68 |
| Rosenblum Cross (B&W) | 324 | $0.07 | $90.72 |
| Rosenblum Cross (Color) | 4 | $0.40 | $6.40 |
| van Heek Cross (B&W) | 314 | $0.07 | $87.92 |

**TOTAL** **$1,955.28**

Production of Demonstrative Exhibits Used at Trial:

Reasonable fees  incurred for the preparation of illustrative materials used to assist the

Court in understanding the testimony may be taxable.  *See Crowley*, 2007 WL 7569542, at *6-7.

These include graphics, digital exhibits/demonstratives, and demonstrative boards.  *Id.* at *7.

13

Demonstrative evidence at trial is particularly important in patent cases, because their complexity requires the presentation of evidence "in a manner that can be easily understood by a judge or jury." *Merck v. Teva*, 2010 WL 1381413, at *5. "While Local Civil Rule 54.1(g)(10) allows the Clerk to tax costs only for those demonstratives that are 'admitted into evidence,' . . . Section 1920(4) authorizes this Court to grant costs for any 'exemplification and copies of papers necessarily obtained for use in the case. Courts have interpreted this provision to include illustrative and demonstrative aids in many forms." *Thabault*, 2009 WL 69332, at *14 (internal quotations omitted).

Plaintiffs have itemized their expenses in preparing illustrative materials, including digital demonstratives and demonstrative boards, used at trial and summations below. Plaintiffs have excluded charges for design consultants' travel, shipping, and data management and administration, and do not seek to tax those costs.

| Description | Cost |
|---|---|
| Design consultant | $2,696.00 |
| Graphic development | $12,383.00 |
| 40x60 color large format board | $3,465.00 |
| Easels | $520.00 |
| A/V equipment rental - courtroom | $6600.00 |
| A/V equipment rental sharing charged to Defendant | -$570.00 |
| Presentation system rental | $250.00 |
| **TOTAL** | **$25,344.00** |

14

Preparation of trial exhibits pursuant to Pretrial Order:

Courts have granted copying costs where trial exhibits and deposition transcript

designations were required by the Pretrial Order.  *See Thabault*, 2009 WL 69332, at *13-14.  The

Pretrial Order in this case required the parties to prepare copies of all exhibits on their respective

exhibit lists for the Court and opposing counsel.  (*See* Pretrial Order, at 16, Dec. 1, 2011 (D.I.

394).)  However, the parties agreed to exchange copies of their exhibits electronically, and the

Court later noted that it preferred an electronic copy in lieu of a paper set.  As a result, Plaintiffs

request reimbursement of their costs for preparing electronic copies of exhibits presented to the

Court and Defendant pursuant to the Pretrial Order.  Plaintiffs have itemized the costs of this

preparation of electronic exhibits as follows:

| Description | Cost |
|---|---|
| Preparation of PDF copies of all trial exhibits and exhibit number stamping | $33,797.19 |

**TOTAL**                                                                                                **$33,797.19**

Plaintiffs were charged the following rates in connection with preparation of PDF copies

of trial exhibits:

| Category | Unit Price | Description |
|---|---|---|
| Electronic Media | $60.00 | Cost of hard drives used to deliver copies of relevant Merck documents to court, court reporter, and opposing counsel |
| PDF File Conversion | $.01 | Cost for creation of image copies of documents to requesting parties |
| OCR | $.02 | Cost of including trial exhibit number in trial exhibit |
| Tier I Tech Time | $75.00 | Cost of stamping of individual exhibits using the custom Adobe stamp |
| Tier II Tech Time | $120.00 | Costs for flattening of individual PDFs and the reduction of size or clean-up of an image |

Plaintiffs' trial exhibits comprised 606,823 pages.  Plaintiffs paid a rate of $0.01 per page for PDF file conversion totaling $6,068.23.  Plaintiffs paid a rate of $.02 per page for OCR'ing totaling $12,136.46.  Plaintiffs paid a rate of $75.00 per hour for 108.7 hours of Tier I Tech Time associated with stamping of exhibit numbers on each exhibit, totaling $8,152.50.  Plaintiffs paid a rate of $120.00 per hour for 62 hours of Tier II Tech Time associated with processing and clean up of the PDF exhibits, totaling $7,440.00,.

## VI.    OTHER FEES

| | |
|---|---|
| Trial support technician | $86,650.00 |

**TOTAL**                                                                    **$86,650.00**


Plaintiffs request a total reimbursement of $86,650.00 for other fees necessarily incurred for the case.

In large and complex matters, "hiring of a trial support team must be considered an ordinary litigation expense subject to taxation."  *Id.* at *3.  *Ricoh* was a patent case in which the trial was conducted over a period of one month.  The trial in this case was completed in two and a half weeks, but it was a complex patent matter.  The use of a trial support technician was required every day to ensure the smooth presentation of digital demonstratives and on-screen displays that were used with each witness.